UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY HARDMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:16-CV-802-RLM-MGG |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Jerry Hardman, a prisoner representing himself, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 16-06-161) in which a disciplinary hearing officer found him guilty of possession of a cell phone in violation of Indiana Department of Correction policy A-121. Mr. Hardman was sanctioned with the loss of 30 days earned credit time. Mr. Hardman raises three grounds in his petition, which he claims entitle him to habeas corpus relief.

In Grounds One and Three, Mr. Hardman argues that the hearing officer didn't have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis."

McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Mr. Hardman was charged with violating IDOC A-121. The Department of Correction defines this offense as the "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report charged Mr. Hardman as follows:

> On the above date [June 5, 2016] at approximately 12:45pm offender Hardman, Jerry doc# 978729 approached me, Officer Johnson at the GSC large yard fence line while 10 dorm was returning from recreation, he then physically handed me a piece of paper with a cell phone number on it and stated to me "here is my cell phone number, call me after nine pm to talk about the proposition."

ECF 5-1.

The hearing officer had sufficient evidence to find Mr. Hardman guilty of possession of a cell phone. Mr. Hardman admitted to Officer Johnson that he had

a cell phone, and he provided her with the phone number where he could be reached. This alone was sufficient to find Mr. Hardman guilty. The hearing officer needed a mere "modicum" of evidence to find Mr. Hardman guilty. See Webb v. Anderson, 224 F.3d 652. The hearing officer had evidence of an admission from Mr. Hardman. While the phone wasn't located, the hearing officer didn't need to see the phone on Mr. Hardman's person to find him guilty of possession. See Brenneman v. Knight, 297 F. App'x 534, 536 (7th Cir. 2008) (finding prisoner guilty based on circumstantial evidence); Hamilton v. O'Leary, 976 F.2d 341, 345 (7th Cir. 1992) (finding offender guilty based on offender's constructive possession of contraband). Furthermore, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Hill v. Sup't, 472 U.S. at 457. While it is possible that Mr. Hardman lied about his possession of the cell phone or provided a cell phone number belonging to another offender (theories he does not present), the hearing officer nevertheless had enough evidence to find him guilty of possession. Grounds One and Three do not identify a basis for habeas corpus relief.

In Ground Two, Mr. Hardman argues that he improperly received multiple Conduct Reports and multiple sanctions for incidents that were all part of one trafficking scheme. Mr. Hardman claims that his discipline in this case was cumulative of his discipline in two other cases, WCC 16-06-162 and WCC 16-06-163, in which he was charged and disciplined for attempting to traffic with Officer Johnson. In his other two cases, Mr. Hardman was disciplined for attempted

3

trafficking in violation of IDOC A-111. In this case, Mr. Hardman was disciplined for possession of a cell phone in violation of IDOC A-121. That Mr. Hardman committed numerous infractions on the same day doesn't mean that the Department of Correction could not discipline him for each of his separate infractions. Ground Two doesn't identify a basis for habeas corpus relief.

The court DENIES the petition for writ of habeas corpus.(ECF 1) The clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED: September 5, 2017.   /s/ Robert L. Miller, Jr.
Judge
United States District Court